KOBAYASHI SUGITA & GODA, LLP

NICHOLAS R. MONLUX      9309
RYAN D. LOUIE           11297
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 535-5700
Facsimile: (808) 535-5799
E-mail: nrm@ksglaw.com; rdl@ksglaw.com

Attorneys for Plaintiff
MECHANICS BANK AUTO FINANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MECHANICS BANK AUTO FINANCE, a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>HYATT CORPORATION, as agent of HST AH MAUI LLC, a Delaware limited liability company d/b/a ANDAZ MAUI at WAILEA RESORT,<br><br>   Defendant. | CIVIL NO. 22-cv-244<br>(Contract)<br><br>COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; EXHIBITS A AND B |

# COMPLAINT

Plaintiff MECHANICS BANK AUTO FINANCE ("MECHANICS BANK") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. MECHANICS BANK is, and at all times herein mentioned was, a California Corporation with its principal place of business in Walnut Creek, California.

2. On information and belief, defendant HST AH MAUI LLC d/b/a ANDAZ MAUI at WAILEA RESORT ("ANDAZ MAUI") is, and at all times herein mentioned was, a Delaware Corporation with its principal place of business in Bethesda, Maryland.

3. The Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), which establishes diversity jurisdiction in cases where, as here, there is complete diversity between the plaintiff and each defendant and the amount in controversy exceeds $75,000 of costs, interest and attorney fees.

4. This Court has personal jurisdiction over ANDAZ MAUI because ANDAZ MAUI entered into a contract with MECHANICS BANK whereby ANDAZ MAUI irrevocably consented to utilize the state and federal courts in Hawaii, which are situated within this District, to resolve any disputes between

ANDAZ MAUI and MECHANICS BANK arising out of or relating to the contract.

5. This Court also has specific personal jurisdiction over the parties because this suit arises out of and relates to both parties contacts with the forum state of Hawaii, and specifically, the contract that was to be performed in Hawaii and ANDAZ MAUI's failure to pay has harmed MECHANICS BANK in Hawaii.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of ANDAZ MAUI's wrongful conduct occurred in this District. Venue is also proper in this District pursuant to the forum-selection clause in the parties' contract.

## FACTUAL BACKGROUND

7. MECHANICS BANK has been in operation since 1905. It offers its customers world class personal banking, business banking, trust and estate services, and broker and wealth management services.

8. As part of its business, MECHANICS BANK relies on independent automobile dealerships to use MECHANICS BANK's auto-financing products to finance automobiles sold by those dealerships. These dealerships operate throughout the United States.

9. Every year, as part of its operations, MECHANICS BANK has hosted a conference for the dealerships it does business with (herein referred to as the

"National Dealer Conference"). During the National Dealer Conference, MECHANICS BANK rewards dealerships that it does extensive business with, provides presentations on MECHANICS BANK's latest financial products it has available for dealerships, and provides dealers networking opportunities with MECHANICS BANK employees. MECHANICS BANK relies on this conference to help it maintain and build its business so it can continue being a leading financial institution in America.

10. ANDAZ MAUI is a hotel that operates on the island of Maui, in Wailea, Hawaii.

11. On information and belief, MECHANICS BANK has hosted its National Dealer Conference at ANDAZ MAUI for the last ten years.

12. On information and belief, on April 16, 2021, MECHANICS BANK and ANDAZ MAUI entered into a contract called the Group Sales Agreement (herein referred to as "the contract" or the "Group Sales Agreement"). Under the Group Sales Agreement ANDAZ MAUI agreed to host its National Dealer Conference at ANDAZ MAUI's property between November 3, 2021 to November 11, 2021.

13. On information and belief, as part of the Group Sales Agreement, MECHANICS BANK provided ANDAZ MAUI a deposit of $388,440.

14. On information and belief, under the Group Sales Agreement, MECHANICS BANK was required to compensate ANDAZ MAUI a total of $517,920 for hosting its National Dealer Conference. The Group Sales Agreement states that 200 people would be attending the National Conference.

15. On information and belief, the Group Sales Agreement included a provision labelled "RIGHTS OF TERMINATION OF CAUSE" which stated that the Group Sales Agreement could be terminated by either party for circumstances such as:

> *(i) if a party's performance under this Agreement is subject to acts of God, war, government regulation, terrorism, disaster, strikes, civil disorder, a pandemic, a travel restriction issued by a governmental agency, curtailment of transportation facilities, or any other emergency of a comparable nature beyond the party's control that in each case make it illegal, or impossible to perform its obligations under this Agreement.*

16. The Group Sales Agreement additionally had a provision called, "AUTOMATIC COVID REBOOK." This provision which explained that if the National Dealer Conference had to be cancelled due to Covid-19, either party could seek to reschedule the event or cancel it if after good faith negotiations, the parties were unable to mutually agree upon a new date for the National Dealer Conference. The provision stated:

> *For clarity, (1) neither party shall owe liquidated damages to the other for any such rebooking; and (2) the event may only be rebooked once, unless otherwise agreed to by the parties in writing. Unless otherwise agreed, cancellation of the rebooked event for purposes other than the Covid-19 matters set forth in this section, or those causes set forth in sub (i) of the Rights of Termination for Cause Section above, will result in Cancellation Charges as set forth in the applicable agreement. If, after good faith negotiations, the parties are unable to mutually agree upon revised dates for the Event, no cancellation fee shall apply, and Hotel shall refund all deposits and/or prepayments made by Group within thirty (30) days of receipt of notification from Group.*

17. On information and belief, on August 10, 2021, the Governor of Hawaii David Ige issued an Executive Order due to the recent developments of the "highly contagious SARS –CoV-2 virus strain." In his Executive Order he stated that the SARS CoV-2 virus strain had "resulted in spiking case numbers around the world and in the United States of America, and continues to spread at an alarming rate in our State." (Exhibit A to the Complaint.) SARS –CoV-2 virus strain causes the disease known as Covid-19.

18. Despite the rising danger due to the SARS –CoV-2 virus strain, the Governor of Hawaii's Executive Order stated that it was safe to conduct in-person events but *only* if they were reduced to 50% capacity. (*Id*.)

19. On August 23, 2021, the Hawaii Tourism Authority released a directive regarding SARS –CoV-2 virus strain labelled, "Hawaii Governor David Ige Urges Residents, Visitors to Curtail Non-Essential Travel as Hospitals Across State Reach Capacity." (Exhibit B to Complaint.)

20. The directive stated that the Governor of Hawaii was advising visitors "to delay all non-essential travel through the end of October 2021 due to the recent, accelerated surge in COVID-19 cases that is now overburdening the state's health care facilities and resources."

21. The directive noted the Governor stated, "[o]ur hospitals are reaching capacity and our ICUs are filling up. Now is not a good time to travel to Hawaii."

22. On or about September 3, 2021, MECHANICS BANK learned of the Governors new directive for visitors to not come to Hawaii. In an effort to protect and address the safety concerns of the National Dealer Conference attendees, the employees of ANDAZ MAUI, and Hawaii residents, and to not over burden the State of Hawaii's healthcare system by having an influx of out-of-state visitors come to the island as it was dealing with this health crisis from the Covid-19 pandemic, MECHANICS BANK contacted ANDAZ MAUI to reschedule the conference.

23. On or about September 7, 2021, ANDAZ MAUI responded to MECHANICS BANK stating that it had received special permission from the

Mayor of Maui's office to host the program as planned and therefore disregard the Hawaii Governor's directive irrespective of the safety concerns of the National Dealer Conference attendees, the employees of ANDAZ MAUI, and Hawaii residents.  In an apparent focus on profits only, ANDAZ MAUI also threatened that if MECHANICS BANK cancelled the Group Sales Agreement, MECHANICS BANK would be forced to pay a full cancellation fee.  ANDAZ MAUI did not and has not provided any documentation showing that the Mayor of Maui ever gave permission for the event.

24.    On or about September 15, 2021, ANDAZ MAUI notified to MECHANICS BANK that the Mayor of Maui's permission for the event was conditioned on only one hundred (100) National Dealer Conference attendees attending the conference, despite ANDAZ MAUI'S contractual obligation to host a conference at full capacity.  This was half of the original number of attendees confirmed to attend the National Dealer Conference under the contract terms.

25.    MECHANICS BANK told ANDAZ MAUI that their offer of compromise to host the National Dealer Conference at half capacity was unacceptable and not what both parties had agreed to.  MECHANICS BANK told ANDAZ MAUI it would like to reschedule the National Dealer Conference as allowed under the Group Sales Agreement, or receive its deposit back.

26. Between September 2021 to January 2022, MECHANICS BANK attempted to negotiate the dispute with ANDAZ MAUI. ANDAZ MAUI however, continually only suggested rescheduling the event if it could keep hundreds of thousands of dollars of the deposit as a penalty for moving the date of the event. This penalty was on top of ANDAZ MAUI attempting to charge full price for any rescheduled event.

27. On or about January 31, 2022, ANDAZ MAUI contacted MECHANICS BANK and claimed that the event could be cancelled under the condition that ANDAZ MAUI would only return $63,344.16 of MECHANICS BANKS deposit of $388,440. In other words, ANDAZ MAUI was attempting to unjustly keep $325,095.84 of MECHANICS BANK's deposit as a penalty. At this time, MECHANICS BANK's deposit has not been returned.

28. ANDAZ MAUI has shown a brazen contempt for Hawaii contract law and basic business practices. Multiple provisions in the Group Sales Agreement specifically allowed MECHANICS BANK to not only cancel the Group Sales Agreement, but also let MECHANICS BANK out of its obligations without any financial penalty. Further, ANDAZ MAUI misrepresented to MECHANICS BANK it could hold the National Dealer Conference at full capacity.

29. ANDAZ MAUI completely disregarded the explicit directive of the Governor of Hawaii and the Hawaii Tourism Authority. ANDAZ MAUI has

shown a complete disregard for appreciating the seriousness and devastating impact of Covid-19 on the State of Hawaii. For its pursuit of greed and profit, ANDAZ MAUI was willing to put not only the National Dealer Conference's attendees and ANDAZ MAUI's employees lives in danger but also the other citizens of Maui.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

30. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. Both parties signed and agreed upon the terms of the Group Sales Agreement.

32. MECHANICS BANK followed all of its obligations under the Group Sales agreement to attempt to reschedule the National Dealer Conference due to the Covid-19 pandemic.

33. After MECHANICS BANK stated it was intending to terminate the Group Sales Agreement, ANDAZ MAUI duplicitously told MECHANICS BANK it could hold the National Dealer Conference after getting permission from the Mayor of Maui. In fact, ANDAZ MAUI later admitted that it could only hold the National Dealer Conference at half capacity. ANDAZ MAUI's attempt to hold

the National Dealer Conference at half capacity was a clear violation of the Group Sales Agreement.

34. After ANDAZ MAUI's improper representations that the National Dealer Conference could go ahead at full capacity, MECHANICS BANK correctly and rightfully exercised its options to cancel the National Dealer Conference from being held at ANDAZ MAUI's property.

35. ANDAZ MAUI breached its contractual obligations by unilaterally, keeping MECHANICS BANK's deposit and failing to honor the cancellation provisions in the Group Sales Agreement.

36. Even after ANDAZ MAUI breached its contractual obligations, MECHANICS BANK worked for multiple months in an attempt to have ANDAZ MAUI honor the RIGHTS OF TERMINATION OF CAUSE and AUTOMATIC COVID REBOOK provisions in the Group Sales Agreement.

37. As a result of ANDAZ MAUI's breach, MECHANICS BANK has sustained both special and general damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Anticipatory Repudiation)

38. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39. Per the Group Sales Agreement, ANDAZ MAUI was contracted to host the National Dealer Conference for 200 people.

40. In September 2021, MECHANICS BANK stated it could only host the National Dealer Conference at fifty-percent capacity (100 people).

41. As a result of ANDAZ MAUI's anticipatory breach and repudiation by refusing to host the National Dealer Conference at the capacity originally contracted under the Group Sales Agreement, MECHANICS BANK is entitled to special and general damages it has sustained in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Contractual Breach of Good Faith and Fair Dealing)

42. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

43. Implied in every contract is a covenant of good faith and fair dealing whereby each party covenants that it shall not do anything which will have the

effect of interfering, destroying, or injuring the right of the other party to receive the benefit of the agreement.

44. Included in the Group Sales Agreement is the express or implied covenant of good faith and fair dealing.

45. At all times relevant, MECHANICS BANK was ready and willing to perform all conditions and covenants as required of them in accordance with the terms of the Groups Sales Agreement.

46. Pursuant to the covenant of good faith and fair dealing, ANDAZ MAUI had an obligation to MECHANICS BANK to follow the provisions of the Group Sales Agreement and allow MECHANICS BANK to cancel the Group Sales Agreement or to rebook the National Dealer Conference as originally contracted.

47. ANDAZ MAUI's actions breached the implied covenant to deal fairly and in good faith.

48. As a direct result of ANDAZ MAUI's breach of good faith and fair dealing, MECHANICS BANK has sustained special and general damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

49. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

50. As set forth above, ANDAZ MAUI is unjustly keeping $388,440 of MECHANICS BANK's deposit it sent after entering the Group Sales Agreement.

51. It would be unjust for ANDAZ MAUI to keep MECHANICS BANK's deposit as it properly cancelled the National Dealer Conference and is due its full deposit under the Group Sales Agreement.

52. As a direct, proximate, and foreseeable result of ANDAZ MAUI's unjust enrichment, MECHANICS BANK has sustained special and general damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Conversion)

53. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54. The foregoing actions of ANDAZ MAUI have resulted in the unlawful conversion of the deposit that was submitted by MECHANICS BANK totaling $325,095.84 for ANDAZ MAUI's sole use, benefit, and profit.

55. ANDAZ MAUI's actions in attempting to convert the deposit for its sole use have resulted in damages to Plaintiff in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION

**(Violation of the Unfair/Deceptive Trade Practices Act)**

56. MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. The Hawaii Unfair Deceptive Trade Practices Act (the "Act"), H.R.S.§ 480-1 *et seq*. prohibits any unfair competition, and unfair, deceptive acts and practices.

58. ANDAZ MAUI violated this Act when it tried to force MECHANICS BANK to disregard the Hawaii Governor's directive irrespective of the safety concerns of the National Dealer Conference attendees, the employees of ANDAZ MAUI, and Hawaii residents. In an apparent focus on profits only, ANDAZ MAUI threatened that if MECHANICS BANK cancelled the Group Sales Agreement, MECHANICS BANK would be forced to pay a full cancellation fee. Although ANDAZ MAUI was contractually obligated to hold the National Dealer

Conference at full capacity, ANDAZ MAUI attempted to force MECHANICS BANK to host the National Dealer Conference at half capacity.

59.     ANDAZ MAUI also is continually violating this act by refusing to return MECHANICS BANK's deposit it submitted under the Group Sales Agreement.

60.     As a direct and proximate result of the unfair and unreasonable trade practice perpetrated upon MECHANICS BANK, MECHANICS BANK has been damaged and continues to be damaged in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

61.     MECHANICS BANK repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

62.     As set forth above, an actual controversy has arisen and now exists between MECHANICS BANK and ANDAZ MAUI concerning the Group Sales Agreement.  MECHANICS BANK contend that ANDAZ MAUI did not have the right under the Group Sales Agreement to keep MECHANICS BANK's deposit for the National Dealer Conference.  ANDAZ MAUI contends otherwise.

15

63. MECHANICS BANK desires and is entitled to a judicial determination of its rights and duties under the Group Sales Agreement, including but not limited to a judicial determination that MECHANICS BANK may recover its remaining deposit of $325,095.84.

64. Wherefore, MECHANICS BANK pray that judgment be entered in its favor against ANDAZ MAUI for:

    a. An award of damages including treble damages as allowed by H.R.S.§ 480-1 *et seq*. in favor of MECHANICS BANK and against ANDAZ MAUI in an amount to be proven at trial;

    b. A declaration that ANDAZ MAUI wrongfully breached the Group Sales Agreement.

    c. That MECHANICS BANK be awarded its attorneys' fees and costs herein.

    d. That the Court award such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury in this action.

DATED: Honolulu, Hawaii, June 2, 2022.

/s/ Ryan D. Louie
NICHOLAS R. MONLUX
RYAN D. LOUIE
KOBAYASHI SUGITA & GODA, LLP


Attorneys for Plaintiff
MECHANICS BANK AUTO FINANCE